PEPPER v. GLASS BAKERY, Inc.

(Supreme Court, Appellate Division, Third Department.   March 14, 1913.)

1. MASTER AND SERVANT (§§ 286, 289*)—ACTIONS FOR INJURIES—QUESTIONS FOR JURY.

An employé in a bakery was injured by falling down an elevator shaft which he entered by mistake, thinking it was the stairway leading to the basement. The doors to the shaft and stairway were side by side, similar in appearance, and the one opening into the elevator shaft was at the time swung around, in front of and entirely hiding the stairway opening. The place was but dimly lighted by a single electric bulb 14 feet from the elevator shaft, and there was no light in the basement. Plaintiff had been working inside the ovens, and his eyes were affected by the light used therein. He had not been warned about the elevator, and, while in the preceding year when working in the bakery he had gone up and down the stairway and handed articles through the elevator opening, he had been working only two nights at the time in question, during which he had not gone up or down the stairway. *Held*, that evidence of these facts made questions for the jury as to defendant's negligence and plaintiff's contributory negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1050, 1089, 1090, 1092–1132; Dec. Dig. §§ 286, 289.*]

2. APPEAL AND ERROR (§ 927*)—SCOPE OR REVIEW—APPEAL FROM NONSUIT.

On an appeal from a nonsuit at the close of plaintiff's case, plaintiff is entitled to the benefit of the most favorable construction of the evidence and to all inferences reasonably to be had therefrom.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912, 2917, 3748, 3758, 4024; Dec. Dig. § 927.*]

Appeal from Trial Term, Saratoga County.

Action by John H. Pepper against the Glass Bakery, Incorporated. From a nonsuit granted at the close of plaintiff's evidence, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, and HOWARD, JJ.

Edgar T. Brackett, of Saratoga Springs, for appellant.
Rockwood & McKelvey, of Saratoga Springs, for respondent.

LYON, J.   [1] The plaintiff was injured between midnight and 1 o'clock on the morning of May 28, 1911, while working for defendant, in its bakery in Saratoga Springs, by falling down an elevator shaft from the first story to the basement floor. He commenced work for defendant the night of May 24, 1911. His main employment during that night was carrying bread from the ovens, which were situated on the first floor, into an adjoining room, where the bread was packed for shipment. He next worked for defendant the night upon which he received the injuries complained of, his hours being from 7 p. m. to 5 a. m. From 9 or 10 o'clock in the evening up to the time of the accident, he worked with and under the direction of the president and general manager of defendant, who had full authority of superintendence, in putting in new grates, cleaning the flues, and repairing the inside work of the ovens. In performing this work he

was obliged to place his head and arms inside the ovens from which the fires had been pulled about 7 o'clock in the evening, obtaining the light with which to see to do his work from a portable electric bulb placed inside the oven doors. Immediately preceding the injury he was directed by the general manager to go into the basement and get brick and mortar with which to brick up the flues. He thereupon left the ovens and passed northerly, a distance of about 21 feet, to an inclosure about 26 feet square constructed in the center of the room, which contained the freight elevator shaft, which ran from the second floor to the basement, and also contained the stairway which adjoined the elevator shaft at the right, and extended from the first floor to the basement. Upon the southerly side of this inclosure were doorways side by side, similar in appearance, one of which opened into the elevator shaft and the other into the stairway which was separated from the elevator by a thin partition, the doorway openings being about one foot apart. The space between the ovens and the elevator shaft was lighted by a single electric bulb of 16 or 32 candle power hanging 5 or 6 feet from the floor and about 14½ feet from the elevator door, which, owing to an accumulation thereon of flour and dust, but dimly lighted the space between the ovens and the elevator shaft. The opening made by the elevator shaft through the floor was entirely unguarded upon the occasion in question, the door through the side of the inclosure, by which the elevator was reached, being wide open and swung around in front of and entirely hiding the stairway opening. The plaintiff's eyes being affected by facing the light of the electric bulb within the oven, and seeing but indistinctly the single opening which appeared dark, as there was no light in the basement, and never having been warned about the elevator, and with his mind on his work, and thinking he was entering the stairway, the plaintiff stepped through the open doorway and fell to the basement floor, sustaining the injuries to recover damages on account of which this action has been brought. It appears from the evidence that during from two to four weeks in the month of May or June of the preceding year the plaintiff had worked in defendant's bakery and had handed articles up through the elevator opening and had gone up and down this stairway perhaps 50 times, according to his estimate, with the construction the same as on the night of the accident, but that he did not go up and down the stairway upon the night of the accident, nor during the night of the 24th.

[2] The plaintiff sets up causes of action under the common law as well as under the Employer's Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]); notice of injury having been duly served. At the close of plaintiff's evidence the court granted the motion for a nonsuit, thereby entitling the plaintiff upon this appeal from the judgment entered thereon, to the benefit of the most favorable construction of the evidence, and to all inferences reasonably to be had therefrom.

Under the foregoing facts which seem to be fairly deducible from the evidence, we think that the questions of defendant's negligence and plaintiff's freedom from negligence were for the jury to determine,

and hence that the judgment appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.